IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PEDRO LUIS SANCHEZ, #038-33030**                                             **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 5:05cv206DCB-JCS**

**UNITED STATES OF AMERICA, et al.**                                      **DEFENDANTS**

OPINION AND ORDER

On November 8, 2005, the plaintiff filed a complaint [1-1] pursuant to <u>Bivens v. Six Unknown Named Agents,</u> 403 U.S. 388 (1971), and requested <u>in forma pauperis</u> status. On December 9, 2005, an order [6-1] was entered directing the plaintiff to show cause in writing, within fifteen days, as to why this case should not be dismissed for failure to exhaust his administrative remedies, and the plaintiff was further directed to file copies of all request/appeals filed with the Warden, Regional Director and Central Office Appeals, as well as any responses received therefrom.

On December 27, 2005, the Court received a response [8-1] from the plaintiff stating plaintiff's belief that he did not have to satisfy the exhaustion requirement, because the relief he seeks is monetary, which is not an available administrative remedy. In sum, plaintiff states that the administrative remedies program would be ineffective in his situation and therefore he is not required to pursue it.

Analysis

As a result of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) was amended to require a prisoner to exhaust "such administrative remedies as are available" prior to the filing of a civil rights lawsuit. <u>Booth v. Churner,</u> <u>et al.</u> 121 S.Ct. 1819, 1820 (2001). This is true even where the prisoner is seeking monetary damages, and the

grievance process does not permit an award of monetary damages, so long as the grievance tribunal has the authority to take some form of responsive action to the prisoner's complaint. Id.  The requirements of the administrative remedies program of the Bureau of Prisons are set forth in 28 C.F.R. § 542 (1996).[1]  The petitioner has failed to fully exhaust his administrative remedies within the Bureau of Prisons as set forth in the above mentioned statute.  Therefore, before this Court can entertain the plaintiff's complaint, he must complete the appropriate steps of the administrative remedy process.

This Court has the authority to deem plaintiff's failure to exhaust as a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, and therefore may dismiss sua sponte pursuant to its inherent authority.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

As such, this complaint shall be dismissed for plaintiff's failure to exhaust his administrative remedies. Since the defendants have never been called upon to respond to the

---

[1] The Administrative Remedy Program within the Bureau of Prisons requires the inmate to first attempt an "informal resolution" of the issue with the staff, second to file an "initial filing" with the Warden of the institution, on the appropriate BP-9 form within 20 calendar days following the date on which the basis for the request occurred. Third, the inmate can appeal the Warden's decision to the Regional Director on the appropriate BP-10 form within 20 calendar days of the date the Warden signed the response, and, fourth, the inmate can appeal the decision of the Regional Director to the Office of the General Counsel on the appropriate BP-11 form within 30 calendar days of the date the Regional Director signed the response.  28 C.F.R. § 542.

plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).  A final judgment in accordance with this opinion and order will be entered.

    This the __24th__ day of March, 2006.


                                      s/ David Bramlette
                          UNITED STATES DISTRICT JUDGE