IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PEDRO LUIS SANCHEZ, #038-33030**                                                                 **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO.  5:05cv206DCB-JCS**

**UNITED STATES OF AMERICA, et al.**                                                   **DEFENDANTS**

## ORDER

This matter is before the Court on the plaintiff's motion [13-1] entitled "Motion for Reconsideration," filed April 12, 2006, requesting that this Court reconsider the Memorandum Opinion and Final Judgment filed March 27, 2006.

"The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba."* Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).  Regardless, "[i]f the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." Id.  Because the plaintiff's motion was filed more than ten days after the entry of the judgment, this letter motion is construed as a motion pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE. See Texas A&M Research Found. v. Magna Transp. Inc., 338 F.3d 394, 400 (5th Cir. 2003).

A party seeking relief under Rule 60(b) must show:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud,  . . .  misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied . . .;  or (6) any other reason justifying relief from the operation of the judgment.  FED. R. CIV. P. 60(b).  The plaintiff does not assert any of the grounds required by Rule 60(b).  The Court finds that the plaintiff has failed to provide justification for altering its previous ruling, and

in fact, has merely reasserted the grounds previously submitted, and expressed his disagreement with this Court's findings.  Therefore, the plaintiff's motion to reconsider the Memorandum Opinion and Final Judgment shall be denied.

Furthermore, if this motion was considered as filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, it would fare no better.   The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors:  (1) the reasons for the plaintiffs' default;  (2) the importance of the evidence to the plaintiffs' case;  (3)  whether the evidence was available to the plaintiffs before they responded to the underlying motion; and  (4)  the likelihood that the defendants will suffer unfair prejudice if the case is reopened.   Sturges v. Moore, No. 02-61023, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  Id.

As stated above, the Court finds that the plaintiff's motion merely expresses disagreement with the ruling of the Court and contends that the Court has incorrectly interpreted his complaint.  The Courts finds, therefore, that the plaintiff has failed to satisfy the requistie grounds for reconsideration, and as such, this motion shall be denied.  It is, therefore,

ORDERED AND ADJUDGED that plaintiff's motion to reconsider [13-1] is denied.

This the 18th day of  May, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE